UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DART OIL & GAS CORPORATION,

        Plaintiff,

v.

EXPRO AMERICAS, LLC,

        Defendant.
_____/

Case No. 1:07-cv-742

HON. GORDON J. QUIST

## OPINION

The Court has before it Defendant's, Expro Americas, LLC, ("Expro") motion to dismiss Counts 2, 3, and 4 of Plaintiff's, Dart Oil & Gas Corporation ("Dart"), complaint. Expro alleges that Michigan law does not recognize a cause of action under the facts alleged for Dart's claim of breach of express warranty, breach of implied warranty, and negligence. The Court will grant Expro's motion to dismiss the breach of express (count 2) and implied warranty (count 3) claims, but deny the motion with respect to Dart's negligence claim (count 4).

## Facts

Dart is a Michigan corporation engaged in the business of exploring for and producing oil and natural gas. In 2004, Dart obtained a Permit to Drill in the Marion 3-26 gas well located in Osceola County, Michigan. In 2006, Dart sought to increase production from its well and determined that the best method of doing so would be to perforate the well's borehole at one point in the formation and re-perforate the formation at another point. To perforate a borehole, an instrument containing explosive devices is lowered into the borehole to the target depth and the explosives are then shot into the surrounding rock. This allows the natural substances contained in the rock to flow more easily into the well's borehole.

Dart contacted Expro, a Delaware corporation with its principal place of business in Oklahoma, to enlist Expro's services in perforating the well.  According to the complaint, Dart and Expro entered into a contract for Expro to detonate the firing device between 10,330 and 10,356 feet.  Dart alleges that Expro perforated the well at 7,650 feet.  Dart also alleges that the malfunction was caused by Expro's negligence during the course of the perforation.  Further, Dart claims that by detonating at the incorrect depth, Expro caused the borehole to become filled with hydrogen sulfide gas under pressure.  Dart claims that this caused a life-threatening situation and required it to engage in remedial measures as directed by the Supervisor of Wells, a State of Michigan official.  Dart seeks to recover the $953,641.60 it expended in remedial measures.  Dart initially filed suit in Ingham County Court, and Expro removed the case to this Court under diversity jurisdiction.  Dart alleged four separate claims: (1) breach of contract; (2) breach of express warranty; (3) breach of implied warranty; and (4) negligence.  Expro filed a motion to dismiss counts two, three, and four under Federal Rule of Civil Procedure 12(b)(6).

## Analysis

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party.  2 Moore's Federal Practice, ¶ 12.34[1][b] (Matthew Bender 3d ed. 2003).  The Court need not, however, accept unwarranted factual inferences.  *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987).  Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).  "Pursuant to the well-known doctrine of *Erie R.R. v. Tompkins*, 304 U.S. 64,

58 S.Ct. 817, 82 L.Ed. 1188 (1938), a federal judge sitting in a diversity action must apply the same substantive law that would be applied if the action had been brought in a state court of the jurisdiction in which the federal court is located." *Equitable Life Assurance Soc'y of United States v. Poe*, 143 F.3d 1013, 1016 (6th Cir. 1998). The parties have assumed that Michigan law governs, and because the contract was presumably executed and performed in Michigan, it does appear that Michigan law governs. *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir. 1995).

First, Expro argues that Dart's breach of express and implied warranty claims should be dismissed because they are not recognized under Michigan law. Dart claims that by contracting to perforate the well between 10,330 and 10,356 feet, Expro created an express warranty that it would do so. Thus, Dart alleges that Expro's failure to perforate the well at the pre-determined depth created not only a breach of contract action, but also a breach of express warranty claim. In response, Expro alleges that this is merely a re-characterization of Dart's breach of contract action and contends that such an action does not exist under Michigan law.

Dart failed to provide any authority, nor has this Court found any, supporting its claim that the alleged contract to perforate the well at a certain depth also created a concomitant express warranty that Expro would perforate the well at the agreed upon depth. As this contract was for Expro's services, as opposed to a transaction in goods, the UCC's express warranty provisions do not govern. *Neibarger v. Universal Coop.*, 439 Mich. 512, 533, 486 N.W.2d 612, 621 (1992). Therefore, Dart is in effect alleging that every non-UCC contract to perform a particular service also creates an express warranty that the service will be performed. However, there is no authority that Michigan courts would recognize such an expansive and duplicative interpretation of every contract governed by common law. The only cases in which Michigan courts have recognized breach of

express warranty claims involve separate promises or documents distinct from the contracts themselves. *See Soderberg v. Detroit Bank & Trust Co.*, 126 Mich.App. 474, 481, 337 N.W.2d 364, 368 (1983) (advertising surrounding purchase created warranty); *Performance Abatement Serv., Inc. v. Lansing Bd. of Water & Light*, 168 F.Supp.2d 720, 736 (W.D. Mich. 2001) (separate drawings attached to contract did not amount to an express warranty). Since Dart's only basis for its breach of express warranty claim is the same promise that created the contract in the first place, the Court will grant Expro's motion to dismiss count two of Dart's complaint.

In count three of Dart's complaint, Dart alleges that by perforating the well in a negligent manner, Expro broke its implied warranty to perform services free from defects. In response, Expro argues that this Court should dismiss count three of Dart's complaint because Michigan courts do not recognize an action for breach of implied warranty by performing the contract in a negligent manner. In fact, Michigan courts have rejected similar claims in the past. *Co-Jo, Inc. v. Strand*, 226 Mich.App. 108, 114-15, 572 N.W.2d 251, 254 (1998), *superseded by statute on other grounds*, MCR 7.208. Therefore, the Court will grant Expro's motion to dismiss Dart's breach of implied warranty claim (count three).

Finally, Expro has moved to dismiss Dart's claim of negligence. In count four of its complaint, Dart alleges that Expro was negligent in perforating the well. In its motion to dismiss, Expro alleges that Dart's negligence claim fails under Michigan law because it did not owe a duty to Dart separate and distinct from the contract. Expro claims that where a duty arises solely out of contract, a separate claim for negligence is not permitted. However, Michigan courts have made the distinction between nonfeasance of contractual duties and misfeasance of contractual duties. Nonfeasance does not give rise to a negligence action while misfeasance may form the basis for a negligence claim. Michigan courts have stated that "a tort action will not lie when based *solely* on

4

nonperformance of a contractual duty." *Crews v. General Motors Corp.*, 400 Mich. 208, 226, 253 N.W.2d 617, 623 (1977). However, "if there is some active negligence or misfeasance distinct from breach of contract . . . the plaintiff will be able to support to a negligence claim." *Roskam Baking Co. v. Lanham Machinery Co., Inc.*, 71 F.Supp.2d 736, 744 (W.D. Mich. 1999). This arises from the notion that "[w]hile performing a contract, a party owes a separate, general duty to perform with due care so as not to injure another. Breach of this duty may give rise to tort liability." *Courtright v. Design Irrigation, Inc.*, 210 Mich.App. 528, 530, 534 N.W.2d 181, 182 (1995).

In *Fultz v. Union-Commerce Assoc.*, 470 Mich. 460, 683 N.W.2d 587 (2004), the Michigan Supreme Court refined this analysis and held that "lower courts should analyze tort actions based on a contract and brought by a plaintiff who is not a party to that contract by using a 'separate and distinct' mode of analysis." *Id.* at 467, 182 N.W.2d at 592. In doing so, "the threshold question is whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations." *Id.*, 182 N.W.2d at 592. However, because Dart was a party to the contract creating the duty, *Fultz* is inapplicable. *Garrett v. Sam H. Goodman Bldg. Co., Inc.*, 474 Mich. 948, 706 N.W.2d 202 (2005) ("The Court of Appeals erred in applying *Fultz* . . . because [defendant] and plaintiff were in contractual privity."). Thus, dismissal of Dart's negligence claim hinges on the nonfeasance/misfeasance distinction.

Dart alleges that Expro was actively negligent during the perforation of the well and that this negligence caused the firing device to perforate the well at the wrong depth. Thus, Dart is not claiming that Expro was negligent because it failed to perform the contract (nonfeasance), but rather that Expro was negligent during the course of performing the contract (misfeasance). Similar to *Roskam*, Dart is alleging a "failure by [Expro] to exercise reasonable care in performing its obligation, namely being negligent in its supervision. . ." 71 F.Supp.2d at 744. Therefore, Dart is

alleging negligence based on misfeasance, a claim that Michigan courts recognize separate from a breach of contract action.

Expro also argues that Dart's negligence claim is barred by the economic loss doctrine. In *Neibarger*, the Michigan Supreme Court adopted the economic loss doctrine and held that where "claims arise from a commercial transaction in goods and the plaintiff suffers only economic loss . . . such claims are barred by the economic loss doctrine." *Nierbarger*, 439 Mich. at 520, 486 N.W.2d at 615. However, "this is not the case where [Dart's] expectations in a sale were frustrated because the product it bought did not work properly, such that the Economic Loss Doctrine would apply." *Roskam*, 71 F.Supp.2d at 747. Rather, Dart is alleging that Expro's negligence caused tangible property damage, and Dart is seeking to recoup the expense it incurred in remedying the error. Because Dart is complaining of damage to tangible property, the economic loss doctrine is inapplicable. Therefore, the Court will deny Expro's motion to dismiss Dart's negligence claim.

## Conclusion

The Court will grant Expro's motion to dismiss Dart's breach of express warranty claim (count two) and breach of implied warranty claim (count three). The Court will deny Expro's motion to dismiss Dart's negligence claim (count four).

An order consistent with this opinion will be filed.


Dated: November 15, 2007                    /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE